UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(b)
2014-1729

POWERS KIRN, LLC
ecf@powerskirn.com
William M. E. Powers III
728 Marne Highway, Suite 200
Moorestown, NJ 08057
856-802-1000
Attorney for Wells Fargo Bank, N.A.

In Re:

Jesus Mercado, Jr.
Lillianet Mercado

Case No.: 16-20434-JKS

Hearing Date: 07/27/2017 at 9:00 am

Judge: Honorable John K. Sherwood

Chapter: 13

## OBJECTION TO CONFIRMATION

Jesus Mercado, Jr.
699-701 Degraw Avenue
Newark NJ 07104

Lillianet Mercado
699-701 Degraw Avenue
Newark NJ 07104

Marie-Ann Greenberg, Trustee
30 Two Bridges Road, Suite 330
Fairfield NJ 07004

Alberico DePierro, Esquire
317 Belleville Ave
Bloomfield NJ 07003

PLEASE TAKE NOTICE that Wells Fargo Bank, N.A. ("Wells Fargo"), through its attorney hereby objects to confirmation of the modified plan on grounds including:

1. The modified plan materially under estimates the pre-petition arrears claim of Wells Fargo, which includes mortgage arrears of $102,899.41, secured by a first mortgage on the debtors' residence. A copy of the claim was filed October 5, 2016 and is identified as Claim 5 in the claims registry.

2. To the extent that the debtors' modified plan is proposing to pay less than the amount necessary to fully satisfy the pre-petition arrears due Wells Fargo, the debtors' plan does not comply with the requirement of 11 U.S.C. §1322(b)(5), and therefore, the modified plan fails to satisfy the confirmation requirement of 11 U.S.C. §1325(a)(1). Accordingly, the debtor's plan should be amended to provide for the correct arrears amount due.

3. Debtors' modified plan is infeasible inasmuch as debtors' own amended schedules are premised upon unrealistic and overly optimistic budgeting. The budgeting set forth on schedule "J" shows surplus income over expenses of $981.44, which the debtors are proposing to dedicate towards funding the modified plan. The proposed payment of $981.44 per month for 60 months will provide total funding of $58,886.40 which sum is inadequate to fully satisfy the objecting creditor's arrears claim. Furthermore, the debtors' budget shows a monthly payment of $1,602.01, which is actually the bi-weekly payment amount due on the mortgage. Therefore, the debtor's budget would need to include 14 additional payments at $1,602.01 each[1] just to maintain their post-petition obligations without creating a post-petition arrearage. Accordingly, the modified plan cannot satisfy the feasibility requirement of 11 U.S.C. §1325(a)(6), and therefore, confirmation is properly denied.

TAKE FURTHER NOTICE that the objecting creditor's attorneys shall be appearing at the confirmation hearing(s) and requesting a counsel fee to prosecute its objections.

POWERS KIRN, LLC


/s/ William M. E. Powers III
BY: William M. E. Powers III

DATED: June 29, 2017

---

[1] There are 26 bi-weekly payments due per year under the mortgage, however, debtors' budget is assuming that there is only a monthly payment so the budget includes a total of 12 payments per year leaving debtors behind 14 bi-weekly payments per year.