**Marie-Ann Greenberg, MAG-1284**
**Marie-Ann Greenberg, Standing Trustee**
**30 TWO BRIDGES ROAD**
**SUITE 330**
**FAIRFIELD, NJ  07004-1550**
**973-227-2840**
**Chapter 13 Standing Trustee**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

IN RE:
JESUS MERCADO, JR.
LILLIANET MERCADO

Case No.:  16-20434JKS

HEARING DATE:  11/09/2017 at 11:00 am

**TRUSTEE'S OBJECTION TO MOTION TO REINSTATE CHAPTER 13 BANKRUPTCY**

Marie-Ann Greenberg, the Chapter 13 Standing Trustee objects to the Motion to Reinstate in the instant matter.  The Bankruptcy Code does not contain a provision governing reinstatement of Title 11 cases. Instead, our Circuit and sister Circuits treat motions to reinstate as a request to vacate the order of dismissal. Thus, the rules and case law of F.R.C.P. 60 apply to the instant Motion.  *In re Lampman,* 494 B.R. 218, 222 (Bankr. M.D. Pa., 2013) (*citing numerous other cases*).  The party "who seeks such extraordinary relief from a final judgment bears a heavy burden." *Plisco v. Union R. Co.,* 379 F.2d 15, 17 (3d Cir. 1967).

> Rule 60(b) provides for five specific grounds and one catch-all provision for relief from a "final judgment, order or proceeding": (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  *In re Lampman,* 494 B.R. 218, 222-223 (Bankr. M.D. Pa., 2013).

- In reviewing Counsel's certification none of the above grounds are specifically pleaded. It can be argued that only Rule 60(b)(1) and (b)(6) can be applied to this matter. In the case at hand there has been a Trustee's objection to Confirmation pending since August 18, 2017, this objection remains unresolved. The debtor openly admits to losing his employment and not making post-petition mortgage payments. These very facts were taken into account by the Court when entering the Order of Dismissal and the Order Vacating Stay on the property. The debtor had not actively been in loss mitigation since it expired on February 1, 2017. The debtor lost his job and the pre-petition arrears claim filed by Wells Fargo totaled $102,899.41 which would require a plan payment of around $2,000.00 per month. The amended Schedule J filed on June 21, 2017 showed a surplus of only $981.44 making a cure plan non-feasible. To further complicate matters the debtor had not made a post-petition mortgage payment in fourteen months (see Motion for Relief at docket #56). The debtor now moves to reopen this case without providing the Court with a substantial change in circumstances or even addressing the very issues that lead to this dismissal. Further, a review of the Essex County Sheriff's foreclosure listings shows that 699-701 Degraw Ave was sold to a third party for the amount of $184,000.00 on October 10, 2017. The debtor therefore no longer has a bankruptcy right to cure this deficiency under the Third Circuit's ruling in In re Connors.

It is for these reasons and any others the Court deems fit that the Motion to Reopen should be denied.

Dated: October 20, 2017

By: /S/Marie-Ann Greenberg
Marie-Ann Greenberg, Esquire
Chapter 13 Standing Trustee